UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES, : Case No. 1:14-CR-385
:
       Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc No. 21]
JEIMIL A HENDERSON, :
:
       Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Jeimil Henderson files a motion to reduce his sentence under Guidelines Amendment 782. The United States objects.

Defendant Henderson pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).[1] Based on the quantity of cocaine charged, Henderson's initial base offense level was 22.[2] However, Henderson was also scored as a career offender under U.S.S.G. §4B1.1 for two earlier controlled substance charges.[3] Under the career offender guideline, the base offense level is adjusted upward based on the offense's statutory maximum. A violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) carries a maximum penalty of 20 years, which raised Henderson's offense level to 32.[4] Henderson received a three level downward adjustment to 29 for acceptance of responsibility.[5] Henderson was scored as a Criminal History Category VI.

---

[1] Doc. 14.
[2] Doc. 16 at 4.
[3] *Id.*
[4] *Id.* at 3-4.
[5] *Id.*

Case No.1:14-CR-385
Gwin, J.

With a base offense level of 29 and a Criminal History Category VI, Henderson's guidelines range was 151-188 months of incarceration. This Court sentenced Henderson to 90 months of incarceration.[6]

Defendant Henderson now moves to reduce his sentence, arguing that under Amendment 782, his base offense level should have be lowered by two levels, which "would result with the Petitioner being sentence [sic] under offense level (20) opposed to offense level (22)."[7] The Government opposes.[8]

**I. Legal Standard**

In general, district courts do not have jurisdiction to modify a final judgment of conviction that includes a term of imprisonment.[9] However, under 18 U.S.C. § 3582, a court may reduce a previously imposed sentence if (1) that sentence is "based on a sentencing range that has subsequently been lowered" and (2) "the reduction is consistent with applicable policy statements issued by the Sentencing Commission."[10]

Amendment 782, which the Sentencing Commission has made retroactive, lowers the offense level, and the guidelines range, for many, but not all, drug offenses.[11] However, as the Sixth Circuit recently confirmed, Amendment 782 does not lower base offense levels that have been raised because of a career offender designation under §4B1.1.[12]

---

[6] Doc. 19.
[7] Doc. 21.
[8] Doc. 22.
[9] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b)).
[10] 18 U.S.C. § 3582(c)(2).
[11] U.S.S.G. § 1B1.10(d).
[12] *United States v. Smith*, 814 F.3d 802, 804 (6th Cir. 2016) ("Here, Amendment 782 does not have the effect of lowering the Guidelines range applicable to Smith's case, because Smith still would have been subject to a Guidelines range of 360 months to life due to the operation of § 4B1.1.").

Case No.1:14-CR-385
Gwin, J.

## II. Discussion

Defendant Henderson is not eligible for a reduction in sentence. As Henderson highlights in his own motion, the two level reduction, if any, would only serve to lower the initial base offense level from 22 to 20.[13] Section 4B1.1 would still operate to raise the offense level to 32. Amendment 782 does not apply because Henderson's range was raised because of the application of the career offender guidelines. This Court properly calculated Defendant Henderson's guidelines range.

This Court **DENIES** Defendant's motion for sentence reduction.

IT IS SO ORDERED.


Dated: May 19, 2016                 *s/        James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[13] As the Government correctly points out, Amendment 782 became effective prior to Defendant's March 9, 2015 sentencing. The base offense level of 22 already accounted for Amendment 782's two-level adjustment.