**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

------------------------------------------------------

UNITED STATES OF AMERICA, : Case No. 1:14-CR-00385-JG-1
:
Plaintiff, :
:
vs. : **OPINION & ORDER**
: [Resolving Docs No. 25 & 27]
JEIMIL A. HENDERSON, :
:
Defendant. :
:

------------------------------------------------------

**JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:**

Defendant Jeimil Henderson has filed a motion to vacate his sentence under 28 U.S.C. § 2255. He argues that his sentence was imposed in violation of the United States Constitution. The government moves to dismiss that § 2255 petition, arguing that Henderson filed it too late.

For the reasons that follow, the government's motion to dismiss the § 2255 petition is **GRANTED** and Henderson's motion is **DISMISSED**.

## I. BACKGROUND

Henderson was indicted in October 2014 on one count of possessing, with the intent to distribute, a mixture and substance containing a detectable amount of crack cocaine in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[1] A little over two months later, he pleaded guilty to that charge.[2] After a sentencing hearing, the Court entered a judgment on March 9, 2015 sentencing Henderson to 90 months in prison to be followed by three years supervised release.[3]

On June 21, 2017, 835 days after this Court entered the judgment imposing Henderson's sentence, Henderson filed this motion to vacate that sentence under § 2255.[4]

---

[1] Doc. 8 at 1.
[2] Docs. 13 and 14.
[3] Doc. 20.
[4] Doc. 25.

Case No. 1:14-CR-385
Gwin, J.

He contends that his trial counsel was ineffective because counsel: (1) failed to move to dismiss Henderson's indictment; (2) induced Henderson's guilty plea by inaccurately promising that Henderson would receive no more than five years imprisonment if he pleaded guilty; and (3) failed to file a notice of appeal despite Henderson's explicit request that counsel do so.[5] He also contends that his conviction is void because, for a number of reasons, the district court lacked jurisdiction over his case.[6] Finally, he contends that the prosecutor engaged in prosecutorial misconduct by presenting a false indictment to the Court.[7]

Henderson explains that he did not previously assert these claims because he doesn't know anything about the law, does not read well, and had an ineffective attorney at trial.[8] He has since found another inmate to help him with his case.[9]

The government moved to dismiss Henderson's § 2255 motion as time-barred.[10] Henderson responds that, because his challenge is (in part) a challenge to the Court's jurisdiction, it cannot be time-barred.[11]

## II. LEGAL STANDARD

Section 2255 permits a prisoner to challenge his conviction or sentence on the grounds that either the conviction or the sentence "was imposed in violation of the Constitution or laws of the United States," that the court imposing the sentence was lacked jurisdiction to do so, or that the sentence imposed exceeded the maximum authorized by law.[12]

But § 2255 also contains a strict time limitation. A motion to vacate, set aside, or correct

---

[5] *Id.* at 4; Doc. 25-1 at 3–4, 10, 11–12.
[6] *Id.* at 4, 5–7; Doc. 28 at 1–6.
[7] Doc. 25-1 at 7–9.
[8] Doc. 25 at 5.
[9] *Id.*
[10] Doc. 27.
[11] *See generally* Doc. 28.
[12] 28 U.S.C. § 2255(a).

Case No. 1:14-CR-385
Gwin, J.

a sentence must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[13]

Henderson does not claim that he was prevented from filing his motion by government action, his claims are not based on a right newly recognized by the Supreme Court, and all of Henderson's claims are based on evidence available to him by the time he was originally sentenced. As a result, he was required to file any § 2255 motions within one year of the date his judgment of conviction became final.

### III. DISCUSSION

Where a defendant does not appeal his conviction and sentence, the conviction becomes final at the conclusion of the period within which the defendant could have filed an appeal.[14] Generally, that means that, absent an appeal, a defendant's conviction becomes final fourteen days after the entry of the judgment of conviction.[15]

Because Henderson did not file an appeal in this case, his conviction became final fourteen days after March 9, 2015, the date that the Court entered its judgment of conviction. So Henderson's conviction became final on March 23, 2015, and he had until March 23, 2016, to file a motion to vacate, set aside, or correct that judgment.[16] He missed that deadline by more than a

---

[13] *Id.* § 2255(f).
[14] *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004).
[15] Fed. R. App. P. 4(b)(1)(A).
[16] 28 U.S.C. § 2255(f)(1).

-3-

years—filing his motion on June 21, 2017. As a result, Henderson's § 2255 motion is time-barred and must be dismissed.

Henderson protests that jurisdictional challenges can be raised at any time during the course of litigation and can never be waived or forfeited.[17] But § 2255(f)'s statute of limitations applies, without limitation, to all challenges brought in a § 2255 motion, including challenges to the jurisdiction of the court that imposed a defendant's sentence.[18]

Henderson also claims that the statute of limitations should be tolled because he raises a claim of actual innocence.[19] His primary "innocence" claim, however, focuses almost entirely on what he perceives to be errors in his indictment.[20] That is not a claim of actual innocence. An actual innocence claim requires a showing that the defendant "did not commit the acts forming the basis for his conviction."[21] Henderson makes no such claim here.[22]

Finally, Henderson's statements that he does not read well, knows nothing about the law, and had an ineffective attorney when he pleaded guilty do not entitle him to equitable tolling of the statute of limitations. Even if Henderson does not read well, he does not allege that anything prevented him from obtaining assistance in reading documents relevant to his claim. Indeed, he was apparently able to obtain assistance filing his § 2255 motion and a reply to the government's motion to dismiss. Moreover, "ignorance of the law alone is not sufficient to warrant equitable

---

[17] *See generally* Doc. 28.
[18] 28 U.S.C. §2255(a), (f); *Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008).
[19] Doc. 25-1 at 5–7.
[20] *Id.*
[21] *Ross v. Berghuis*, 417 F.3d 552, 555–56 (6th Cir. 2005). While the Supreme Court has recognized a similar doctrine of "innocence of the penalty" in capital cases, that doctrine has not yet been extended to non-capital cases like this one. *Id.* at 556–58.
[22] Henderson does, at one point in his response to the government's motion to dismiss, appear to suggest that he is not the same Jeimil Henderson who is named in the indictment. *See* Doc. 28 at 5–6. But he makes that claim, if at all, only in one vague and confusing sentence, unaccompanied by any further factual support. *Id.* That is not sufficient to raise a claim in a § 2255 motion. *See Jefferson v. United States*, 730 F.3d 537, 548 (6th Cir. 2013) ("Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.").

Case No. 1:14-CR-385
Gwin, J.

tolling."[23] And Henderson has not explained how the ineffectiveness of his counsel prevented him from timely filing his § 2255 motion, let alone established any sort of "extraordinary" failing exceeding "garden variety" or "excusable neglect" on his attorney's part.[24]

### IV. CONCLUSION

For all those reasons, the government's motion to dismiss Henderson's § 2255 motion is **GRANTED** and Henderson's motion is **DISMISSED**.

IT IS SO ORDERED.

Dated: September 21, 2017         *s/        James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[23] *Rose v. Dole*, 954 F.3d 1331, 1335 (6th Cir. 1991).
[24] *Holland v. Florida*, 560 U.S. 631, 651–52 (2010).